FILED
12/21/2020 3:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

**citcml**

## CAUSE NO. **2020CI24398**

| | | |
|---|---|---|
| **AHLAM TRMANINI,** | § | IN THE DISTRICT COURT |
| *PLAINTIFF.* | § | |
| | § | |
| **VS.** | § | |
| | § | **37th**  JUDICIAL DISTRICT |
| **ROSS STORES, INC., & ROSS DRESS** | § | |
| **FOR LESS #1771** | § | |
| *DEFENDANT(S).* | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| | § | |

---

### PLAINTIFF'S ORIGINAL PETITION,
### WITH REQUEST FOR DISCLOSURE

---

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES Ahlam Trmanini** hereinafter referred to by name or as Plaintiff,

and complains of **ROSS STORES, INC., & ROSS DRESS FOR LESS #1771,**

hereinafter referred to by name or as Defendant, and for cause of action would

respectfully show unto the Court as follows:

#### I.
#### DISCOVERY CONTROL PLAN

1.    Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the

TEXAS RULES OF CIVIL PROCEDURE.

#### II.
#### PARTIES

2.    Plaintiff, **Ahlam Trmanini,** resides in San Antonio, Bexar County, Texas.

3.    The last three numbers of **Ahlam Trmanini** driver's license number are **246.**

**EXHIBIT**

**C-1**

exhibitsticker.com

4.      Defendant, **Ross Stores, Inc** is a Foreign For-Profit Corporation doing business in Texas and may be served with process through its registered agent, **CT Corporation System at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234**.

5.      Defendant, **Ross Dress for Less #1771,** is a Foreign For-Profit Corporation doing business in Texas and may be served with process through its registered agent, **CT Corporation System at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.**.

### III.
### JURISDICTION & VENUE

6.      Venue is proper in Bexar County in the cause pursuant to Sec. 15.002(a)(1) of the Civil Practice & Remedies Code because Bexar County, Texas is where all or a substantial part of the events or omissions giving rise to the claim occurred. Pursuant to Tex. R. Civ. P. 47, this is cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

### IV.
### MISNOMER

7.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternative, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## V.
## FACTS

8.    On or about January 4, 2020, Plaintiff, Ahlam Trmanini, was working as an employee at defendant(s) place of work located at Ross Dress for Less #1771, 13909 Nacogdoches Road, San Antonio, Texas 78217. All of the events that transpired in this incident occurred in Bexar County, Texas. While at work, Defendant(s) directed Plaintiff to travel through a certain area to enter the back of the store/breakroom. As Plaintiff began to accomplish the assigned task she was tripped by a broken purse stand and was severely injured when head and body struck the stand and the ground. This jarring impact caused Plaintiff to sustain severe injuries and damages to face, head, neck, shoulders, back and other parts of her body, as more fully set forth below. At the time of the accident, the Plaintiff was an employee of Defendant(s) and was acting in the course and scope of her employment. Defendant(s) required Plaintiff to complete a task that was unreasonable and unsafe and failed to provide any assistance, training, or safe equipment that would be necessary for Plaintiff to safely complete the tasks as assigned while at work. As a result of the preceding failures, Plaintiff sustained severe injuries and damages to her body.

## VI.
## CAUSES OF ACTION

### A. Respondeat Superior

9.    At all times material hereto, all of the agents, servants, and/or employees for Defendant, who were connected with the occurrence which formed the basis of this suit, were acting with the course and scope of their employment or official duties and in

furtherance of the duties of their office or employment. Therefore, Defendant is further reliable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

10.    Each and all of the foregoing acts and/or omissions of the agents, servants, and/or employees for Defendants were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit and was a proximate cause of Plaintiff's injuries and damages.

**B.    *Negligent Hiring, Retention, and Training***

11.    Defendant(s) are independently negligent in one or more of the following respects:

> 1)  Negligent hiring;
>
> 2)  Negligent managerial and supervisor qualifications;
>
> 3)  Negligent training;
>
> 4)  Negligent supervision and monitoring;
>
> 5)  Negligent retention;
>
> 6)  Negligent contracting;
>
> 7)  Negligent maintenance;
>
> 8)  Defendant failed to have an adequate safety program in place to ensure that effective ongoing monitoring and training of its employee's;
>
> 9)  Defendant(s) placed requirements on its employees knowing that the tasks could in all likelihood cause serious injury to others in the event of an accident like that which occurred.

**C.** **_Gross Negligence_**

12.    Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff or others similarly situated.

13.    The acts and/or omissions by Defendant outlined above constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) Civil Practice & Remedies Code. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

14.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**D.** **_Negligence_**

15.    Defendant(s)' agents or owners, hired Plaintiff to otherwise perform tasks while under the supervision and employ of the Defendant(s).

16.    Plaintiff was injured as a direct result of the negligence of the Defendant(s)'. The acts and omissions of the Defendant(s)' include but are not limited to:

      (a)    negligent hiring;

(b)     negligent supervision;

(c)     negligent training;

(d)     failure to provide a safe working environment, and

    (e)     failure to provide equipment and additional assistance for the proper function and safety of the Plaintiff's occupational duties.

17.     Defendant(s) specifically, failed to secure and make safe the work environment in which the Plaintiff was required to labor.  Defendants breached their duty to maintain the premises, equipment and materials necessary for the safe execution of Plaintiff's work-related duties. Defendant(s) failed to implement policies, practices and procedures necessary for the timely handling of occupational incident's resulting in injury.  breach of the aforementioned duties is the direct causal mechanism which resulted in Plaintiff's injuries. Additionally, the Plaintiff's injuries arose from the negligent actions of the Defendant or, more directly, the actions of a fellow employee in failing to address and remedy the dangerous situation which the Plaintiff was required to face as a result of the duties of her occupation. The Defendant had a nondelegable duty to provide adequate equipment, personnel and supervision to the Plaintiff, the dereliction of said duties caused her injuries.

### D. Defendant(s)/Defendant(s) as Non-Subscribers

18.     Defendant(s) are non-subscribers to the Workers' Compensation Act, and in accordance with TEX. LAB Code § 406.033 (a) In an action against an employer who does not have workers' compensation insurance coverage to recover damages for personal injuries or death sustained by an employee in the course and scope of the

employment, it is not a defense that:

    (a) the employee was guilty of contributory negligence;

    (b) the employee assumed the risk of injury or death; or

    (c) the injury or death was caused by the negligence of a fellow employee.

19.    The Plantiff is only required to prove less than one percent (< 1%) negligence on the part of the Defendant(s) to recover all related damages against Defendant(s). Plaintiff will show that all of the foregoing acts of negligence, commission or omission, or both, separately and collectively, were the proximate causes of the occurrences that form the basis of this suit.

## VII.
## DAMAGES

20.    The occurrence made the basis of this suit, referred to in this petition, and the Plaintiff's resulting injuries and/or damages were proximately caused, aggravated or accelerated by the negligent and/or grossly negligent conduct of the Defendants.

21.    As a direct and proximate result of the collision, and the negligent conduct of Defendants, Plaintiff, Ahlam Trmanini, suffered severe bodily injuries to her face, head, neck, shoulders, arms, back, knees and other parts of her body generally. Her entire body was bruised, battered, and contused and she suffered great shock to her body. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to

suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the rest of her life.

22.    Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

      a.  Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such service sin the county they were incurred;

      b.  Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

      c.  Physical pain and suffering in the past;

      d.  Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

      e.  Physical impairment in the past;

      f.   Physical impairment which will, in all reasonable probability, be suffered in the future; .

      g.  Loss of wages in the past;

h.  Loss of earning capacity which will, in all reasonable probability, be incurred in the future;

i.  Mental anguish in the past;

j.  Mental anguish which will, in all reasonable probability, be suffered in the future;

k.  Fear of future disease or condition;

l.  Disfigurement; and,

m.  Cost of medical monitoring and prevention in the future.

## VIII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

23.     Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## REQUESTS FOR DISCLOSURE

24.     Pursuant to Rule 194 of the Texas Rules of Civil Procedures, you are requested to disclose and respond within fifty (50) days after service of the citation and petition with the information or material described in Rule 194.2 (a) through (l).

## X.
## JURY DEMAND

25.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment this date of the required jury fee.

## XII.
## NOTICE OF SELF AUTHENTICATION

26.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are

hereby noticed that the production of any document in response to written discovery

authenticates the document for use against that party in any pretrial proceeding or at trial.

## XIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **Ahlam Trmanini**

respectfully prays that the Defendant be cited to appear and answer herein, and that upon

a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for

damages in an amount within the jurisdictional limits of the Court; together with pre-

judgment interest (from the date of injury through the date of judgment) at the maximum

rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other

and further relief to which the Plaintiff may be entitled at law or in equity, including, but

not limited to:

1.      Pain and suffering in the past;
2.      Pain and suffering in the future;
3.      Mental anguish in the past;
4.      Mental anguish in the future;
5.      Past medical expenses;
6.      Future medical expenses;
7.      Physical impairment in the past;
8.      Physical impairment in the future;
9.      Physical disfigurement in the past;
10.     Physical disfigurement in the future;
11.     Lost wages in the past;
12.     Lost future wages;
13.     Loss of future wage-earning capacity;
14.     Exemplary Damages;
15.     Loss of use;
16.     Property Damage;

17.    Pre-judgment interest;
18.    Post-judgment interest.

Respectfully submitted,

Spencer, Anderson, PLLC

*/s/ Erin Anderson Spencer*

By: _____
Jason C. Spencer
TBN: 24053488
jason@spencerandersonfirm.com
Travis R. Anderson
TBN: 24080770
travis@spencerandersonfirm.com
**X** Erin A. Spencer
erin@spencerandersonfirm.com
TBN: 24104963
4416 Ramsgate, Suite 202
San Antonio, TX 78230
T. 210-699-0004
F. 210-699-0005